UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEE WARD,<br><br>    Petitioner,<br><br>    v.<br><br>J. PRICE,<br><br>    Respondent. | No. 2:16-cv-1406 JAM KJN P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel. Petitioner seeks leave to proceed in forma pauperis. Respondent moves to dismiss the petition on the grounds that petitioner fails to state a valid claim for federal habeas relief. Petitioner did not file a timely opposition; petitioner was ordered to show cause why his failure to oppose the motion should not be deemed a waiver of any opposition to the granting of the motion. Thereafter, petitioner filed an opposition. Accordingly, the order to show cause is discharged. As set forth below, petitioner's motion to proceed in forma pauperis should be denied, and the motion to dismiss should be granted.

II. Motion to Proceed In Forma Pauperis

Petitioner seeks leave to proceed in forma pauperis. (ECF No. 4.) Because petitioner's motion demonstrated he was able to pay the filing fee, petitioner was ordered to pay the $5.00

1

filing fee, which he did. Examination of the in forma pauperis application reveals that petitioner is able to afford the costs of suit. (ECF No. 4.) Accordingly, the application to proceed in forma pauperis should be denied. See 28 U.S.C. § 1915(a).

III. Background

Petitioner is serving a sentence of 20 years to life with the possibility of parole. (ECF No. 1 at 2, 40, 132.) On December 4, 2014, the Board of Parole Hearings ("Board") denied petitioner parole, finding he posed an unreasonable risk of danger if released on parole. (ECF No. 1 at 133.) Although the Board identified a number of factors in favor of petitioner's suitability for parole, the Board based the denial of parole on the crime committed by petitioner - his total disregard for human life and use of a weapon against a victim, who was intoxicated and unarmed, in anger over stolen stereo equipment, a very trivial reason; petitioner's record of violence and unstable social history; a period of significant impulsivity between 2005 and 2006; confidential information suggesting some continued impulsivity, poor judgment, not thinking of consequences, and a continued pattern of criminal thinking; and a lack of insight into what caused petitioner's life crime. (ECF No. 1 at 133-39; 141-42.) The Board determined five years was the appropriate length of time to defer petitioner's next parole consideration. (ECF No. 1 at 142; 148.)

Petitioner filed petitions for writ of habeas corpus in the California state courts. On January 6, 2016, the Office of the California Attorney General provided the California Court of Appeal for the Third Appellate District copies of the confidential information reviewed by the Board, as well as a DVD copy of the audio file of the Board's confidential deliberations. (ECF No. 1 at 229-30.) On January 14, 2016, the appellate court denied the petition for writ of habeas corpus without comment. (ECF No. 1 at 239.) The California Supreme Court denied his petition, without comment, on May 11, 2016. (ECF No. 1 at 22.)

IV. Motion to Dismiss

A. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth

Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Factual Summary

On June 22, 2016, petitioner filed the instant petition. Petitioner challenges the December 4, 2014 decision of the Board to deny parole. Petitioner claims that his due process rights were violated when the Board relied on confidential information, failed to provide petitioner with notice and an opportunity to review the confidential information, deprived him the opportunity to assess the credibility of the confidential sources or defend against the allegations, and failed to demonstrate that the confidential information was reliable and properly determined to be confidential. (ECF No. 1 at 20-22.)

### C. Federal Review of State Parole Decisions

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Wilson v. Corcoran, 562 U.S. 1 (2010). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (internal quotations and citation omitted).

The Court of Appeals for the Ninth Circuit has held that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which is reasonable, and requires fair procedures. Swarthout v. Cooke, 562 U.S. 216, 219-20 (2011). However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979). Swarthout, 562 U.S. at 220-21. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.)

3

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication -- and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 562 U.S. at 220. The Court concluded that the petitioners had received the process that was due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.
> . . .
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 562 U.S. at 220. The Court in Swarthout expressly found that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause, but is only a matter of state law. Swarthout, 562 U.S. at 220-22.

D. Discussion

Here, review of the record shows that petitioner's rights under Greenholtz were satisfied. Petitioner was allowed to speak at the 2014 Board hearing; he was given the opportunity to review his non-confidential prison file prior to the hearing; and he was given the opportunity to be heard. Petitioner was also notified of the reasons why parole was denied.

Although the Board used some confidential information in arriving at its decision to deny parole,[1] petitioner was given an opportunity to be heard at the hearing, and he was provided a

---

[1] California's procedural guidelines specifically permit parole hearing officers to consider information "designated confidential" if considered "necessary to the decision," provided that "[t]he reliability of the confidential information to be used [is] established to the satisfaction of the hearing panel" and "the prisoner [is] notified of the reports on which the panel relied." Cal. Code Regs. tit. 15, § 2235 (2013); see also Cal. Code Regs. tit. 15, § 2247 (providing that "[a] prisoner is entitled to review nonconfidential documents in the department central file" and that "[n]o panel shall consider information not available to the prisoner unless the information is designated confidential under [§ ] 2235"). Here, the record reflects that petitioner was aware of

4

statement of reasons why parole was denied, meeting the minimal procedural due process standards under Greenholtz.

Moreover, to the extent petitioner asserts that he is entitled to habeas relief because the Board relied on confidential information that was improperly designated as confidential, or was inaccurate, this court cannot evaluate the evidence used to deny parole. This court is constrained by the holding in Swarthout: federal courts can only determine whether the minimal requirements of due process have been met. Swarthout was "unequivocal in holding that if an inmate seeking parole [received the safeguards under Greenholtz], that should be the beginning and the end of the inquiry into whether the inmate received due process." Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) (quoting Swarthout, 131 S. Ct. at 862) (internal quotations, alterations, and ellipsis omitted); Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (Due Process Clause satisfied because the petitioner was permitted to speak on his own behalf and contest the evidence against him, and was provided an explanation of the Board's parole denial; the state's possible misapplication of its own parole laws provides no basis for federal habeas relief). Thus, the only right at issue in the parole context is procedural, and the only proper inquiry is whether petitioner received process in accordance with Greenholtz.

In opposing the motion to dismiss, petitioner relies on cases addressing due process protections governing prison disciplinary proceedings, such as Bartholomew v. Watson, 665 F.2d 915 (9th Cir. 1982). (ECF No. 15 at 1, 2.) However, such cases do not apply here because petitioner's federal due process rights in a parole hearing are governed by the Supreme Court's decision in Greenholtz. Swarthout, 562 U.S. at 220.

---

the use of confidential information before the hearing because petitioner's counsel objected to the use of such confidential information. (ECF No. 1 at 43-44.) The Board acknowledged that the 810 form was only created on the day of the hearing and presented to petitioner's counsel that day, but the form referenced pre-existing memos referred to in the Comprehensive Risk Assessment, so the Board found petitioner had received notice. (ECF No. 1 at 45.) Petitioner was informed that the Board considered the confidential file, and he was provided the dates of the confidential reports considered. (ECF No. 1 at 141-42.) The Board made a confidential tape that identified the specific reports, the statements of reliability, and the nexus to current dangerousness. (ECF No. 1 at 141.) Moreover, as set forth above, the confidential documents and the Board's confidential tape were provided to the California Court of Appeal, which denied petitioner's state habeas petition without comment. (ECF No. 1 at 239.)

Here, petitioner fails to demonstrate that his rights under Greenholtz were denied. Thus, his claims are not cognizable in this habeas proceeding. In other words, petitioner's claims that his due process rights were violated by the use of confidential information must be dismissed because such claims only concern state law issues. Estelle, 502 U.S. at 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Respondent's motion to dismiss should be granted because petitioner's claims are not cognizable.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that the order to show cause (ECF No. 14) is discharged; and

IT IS RECOMMENDED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 4) be denied;

2. Respondent's motion to dismiss (ECF No. 13) be granted, and

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 13, 2017

ward1406.mtd.hc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE